USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARVIC INTERNATIONAL LTD.,

                     Plaintiff,

     - against -

GALAXY FASHIONS, INC.,

                     Defendant.

OPINION & ORDER
ON PERMANENT
INJUNCTION

03 Civ. 3429 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On May 14, 2003, Harvic International Ltd. ("Harvic") filed an action against Galaxy Fashions, Inc. ("Galaxy") for trademark infringement and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and in violation of statutory and state common law. Additionally, Harvic sought injunctive relief and damages. The action was assigned to District Judge Laura T. Swain on May 29, 2003. Galaxy answered the complaint on September 18, 2003. On March 1, 2004, the parties consented to have all matters decided by the undersigned pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

On September 24, 2004, Harvic filed a combined motion for a default judgment, for a permanent injunction, for attorney's fees and costs, and for sanctions. For the reasons set forth below, Harvic's motion for default, attorney's fees and costs is **DENIED** under Rule 55(b), Federal Rules of Civil Procedure, its motion for a permanent injunction is **GRANTED**, and its motion for sanctions is **GRANTED**. Accordingly, the Court sanctions defendant under Rule 37(b) with a judgment in favor of plaintiff.



## II. BACKGROUND

Harvic manufactures, distributes, and sells men's apparel and accessories throughout the United States. Declaration in Support of Plaintiff's Motion for Default Judgment ("Decl.") at ¶ 5. Since 1983, Harvic has sold a tee shirt line under the trademark "Galaxy," id. at ¶ 6, and has owned the "Galaxy" trademark since approximately February 1983. Id. at ¶ 7. Galaxy manufactures, distributes, and sells tee shirts bearing the name "Galaxy Fashions," which Harvic alleges simulates, reproduces, copies, and imitates its "Galaxy" mark. Id. at ¶ 8,10.

On May 14, 2003, Harvic filed an action against Galaxy alleging that Galaxy's use of the name "Galaxy Fashions" constituted willful and intentional trademark infringement, and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and in violation of the statutory and common law of New York State, and of each state in which Galaxy's conduct occurred. Id. at ¶¶ 2,12. Harvic served Galaxy with a summons and complaint on or about May 21, 2003. Galaxy served its answer to Harvic, dated September 18, 2003. It alleged primarily that it was "without knowledge and information sufficient to form a belief as to the truth of [Harvic's] allegations." Plaintiff's Notice of Motion, Exh. 2. However, the answer does not appear on the docket sheet and was apparently not filed with the Court.

On May 25, 2004, this Court issued an order granting Harvic's unopposed motion to compel discovery, directing Galaxy to respond to various outstanding discovery requests by June 21, 2004, and scheduling a conference with the Court for July 14, 2004. Galaxy failed to comply with that order in all respects, including failing to appear for the scheduled conference. On September 24, 2004, Harvic filed the instant motion, seeking, among other things, to enjoin Galaxy from using the "Galaxy" trademark either alone, or in any combination, including

"Galaxy Fashions," and requiring the destruction of all products bearing the "Galaxy" or "Galaxy Fashions" trademark. Decl. at 5-6. Additionally, Harvic seeks $10,000 in attorney's fees and costs, and sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure for Galaxy's failure to comply with this Court's May 2004 order, and failure to appear at the scheduled conference. <u>Id</u>. at 5. Harvic contends that attorney's fees, costs, and sanctions are warranted because it was forced to spend thousands of dollars in legal time attempting to secure discovery documents and because it was unnecessarily burdened by Galaxy's misconduct. <u>Id</u>. at ¶¶ 6-9. Galaxy has not responded to the motion, and has not contacted the Court, or otherwise explained its failure to cooperate in discovery.

## III. DISCUSSION

### A. Default Under Rule 55

A court may enter a judgment of default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. In determining whether to do so, the court may consider numerous factors, including "whether plaintiff has been substantially prejudiced by the delay involved[] and whether the grounds for default are clearly established or in doubt . . .[or if delay was] caused by a good-faith mistake[] or by excusable or inexcusable neglect." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u>, § 2685 at 32 (1998). A court may also consider willfulness and whether the defendant demonstrates that a meritorious defense exists. **<u>Gonzalez v. City of New York</u>**, 104 F. Supp. 2d 193, 195 (S.D.N.Y. 2000).

Here, the grounds for default under Rule 55(b) are somewhat "in doubt." Although Galaxy served its answer to Harvic, it failed to file it with the Court. Technically, there is a default, but the parties proceeded as if an answer had been filed. The record does not reveal how,

or why, the answer was served, but not filed, and Galaxy has received no notice that a default might be predicated on a failure to answer. Because Galaxy has not been afforded an opportunity to respond to this issue, the Court declines to enter a default judgment under Rule 55.

**B. Default Under Rule 37**

The question of sanctions under Rule 37 is a different matter. Galaxy has deliberately refused to cooperate in discovery. It has failed to offer any explanation for its failings. Galaxy has been put on notice by the motion to compel, by this Court's order to respond to discovery, and by the instant motion. Moreover, the instant motion clearly seeks dismissal as a remedy.

When a party fails to provide discovery as ordered by the court, it may be sanctioned under Rule 37, Federal Rules of Civil Procedure. Among the sanctions, is the striking of the pleadings or the entry of a default judgment against the offending party. Fed. R. Civ. P. 37(c). While the Court should impose such a sanction only when no other sanction seems effective, **Update Art, Inc. v. Modiin Publishing, Ltd.**, 843 F.2d 67, 70-72 (2d Cir. 1988); **Communispond, Inc. v. Kelley**, 1998 WL 473951 *4 (S.D.N.Y. Aug. 11, 1998); **Archer v. Heiss**, 1998 WL 898119 *2 (S.D.N.Y. Dec. 23, 1998), Galaxy has provided no basis for any lesser sanction. Typically, a court will provide a summary of the contumacious behavior warranting dismissal. In this case, Galaxy has not committed multiple acts of defiance; it has simply gone AWOL. No lesser sanction than default presents itself.

Harvic asserts that it has incurred attorney's fees of $10,000 because of Galaxy's non-cooperation. In the absence of adequate documentation, the Court declines to award fees. Harvic also seeks injunctive relief. This is an appropriate remedy in an infringement case, and the judgment should include such relief against Galaxy.



Accordingly, **IT IS HEREBY ORDERED THAT:**

1) judgment shall be entered against Galaxy Fashions, Inc. for willful infringement of Harvic's trademark;

2) Galaxy Fashions, Inc., shall be permanently enjoined from using the "Galaxy" trademark either alone or on any combination, including "Galaxy Fashions," or any marks similar thereto in connection with the sale of any unauthorized goods;

3) Galaxy Fashions, Inc., shall be permanently enjoined from using any reproduction, counterfeit, copy or colorable imitation of the "Galaxy" trademark, including "Galaxy Fashions," or its like, in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or to cause mistake, or to deceive; and

4) Galaxy Fashions, Inc., shall be permanently enjoined from using any logo, term, symbol, device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion, or to cause to mistake, or to deceive as to the affiliation, connection, or association of defendant with Harvic, or as to the origin, sponsorship, or approval of defendant's goods or commercial activities by Harvic

5) Galaxy Fashions, Inc. shall deliver for destruction all products, labels, prints, signs, packages, wrappers, receptacles, and advertisements in its possession, custody, or control bearing the "Galaxy" or "Galaxy Fashions" trademark.



SO ORDERED this 3rd day of June 2005
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge